**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0255, <u>S.D. v. S.S.</u>, the court on February 28, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, S.S., appeals the order of the Circuit Court (<u>Pendleton</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, S.D. <u>See</u> RSA 173-B:5 (2022). The defendant argues that the trial court erred as a matter of law by finding that her conduct constituted a present credible threat to the plaintiff's safety. We affirm.

To be granted a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse." RSA 173-B:5, I. "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022); <u>see</u> <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). "The court may consider evidence of such acts, regardless of their proximity in time to the filing of the petition, which, in combination with recent conduct, reflects an ongoing pattern of behavior which reasonably causes or has caused the petitioner to fear for his or her safety or well being." RSA 173-B:1, I. The enumerated crimes that may constitute abuse include harassment as defined in RSA 644:4 (Supp. 2023). <u>See</u> RSA 173-B:1, I(g).

The defendant argues that the trial court erred as a matter of law by finding that her conduct constituted a present credible threat to the plaintiff's safety because the last act of abuse occurred three months prior to the filing of the petition for a protective order, and there was no more recent conduct alleged to suggest an ongoing pattern of behavior that would reasonably cause the plaintiff to fear for his safety.

The plaintiff filed his petition for a protective order on February 1, 2023. At the hearing, he testified that, because of text messages, emails, and other communications that he received from the defendant through October 31, 2022, which were introduced through numerous exhibits admitted at the hearing, he remained afraid of the defendant through January 2023. The plaintiff testified on cross-examination that he did not file his petition prior to February 1, 2023, because the defendant had filed a petition for a restraining

order against him, and that he was advised not to file his petition until the defendant's petition was resolved, which did not occur until the end of January 2023.

It is the burden of the appealing party, in this case, the defendant, to provide this court with a record sufficient to decide her issues on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The defendant has failed to provide this court with copies of the numerous exhibits admitted at the hearing. Absent copies of the exhibits, we must assume that they support the trial court's finding that the defendant's conduct constituted a present credible threat to the plaintiff's safety. See id. Accordingly, we cannot conclude that the trial court's decision was unsupported by the evidence or erroneous as a matter of law. See id.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2